**Earl E. NICKENS, Plaintiff,**

v.

**Carl WHITE, Supt. MTCM, Dale Riley, Assoc. Supt., Gerald Higgins, Assoc. Supt., Defendants.**

**No. N77–42C(1).**

United States District Court, E. D. Missouri, N. D.

Dec. 12, 1978.

John B. Morthland, Hannibal, Mo., for plaintiff.

J. Michael Davis, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on defendants' amended motion for summary judgment under Rule 56, Fed.R.Civ.P. For the reasons stated below the motion will be granted.

This case is brought under 42 U.S.C. § 1983 for alleged violations of rights guaranteed to plaintiffs by the First Amendment to the United States Constitution.

Plaintiff is a prisoner incarcerated in the Missouri State Penitentiary in Jefferson City, Missouri. Between April 6, 1977 and

April 13, 1977 plaintiff signed a grievance petition while incarcerated at the Missouri Training Center for Men in Moberly, Missouri. That petition was circulated and signed in violation of a regulation against group petitions at the Center. Plaintiff was interviewed by defendants regarding the petition and asked to withdraw his name from it. He was then confined for one day in an administrative segregation unit, then transferred to the Missouri State Prison. Plaintiff alleges that these facts show he was punished for exercising protected rights in violation of the First Amendment.

Defendants' affidavits supporting their motion for summary judgment state that the rule against petitions is necessary to ensure prison security against the dangers posed by prisoners who organize a group action to petition against grievances.

In an order dated May 30, 1978, this Court denied defendants' motion for summary judgment. It based that decision on the conclusion that defendants offered no facts to support their assertion that the regulation against grievance petitions is reasonable. Defendants filed, on August 24, 1978, an affidavit stating that the Training Center is a medium security prison where prisoners may often mingle and converse. It states that group action in that context puts great pressure on the staff and on other inmates who must respond to prisoners who unite to seek changes. To avoid group action by prisoners the Training Center instituted its rule against circulating petitions.

The Supreme Court's opinion in *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), established a two part test for prison rules affecting activities that may be protected by the First Amendment. The rule must be reasonable, and exercise of the asserted rights must be inconsistent with the legitimate penological objectives of the corrections system. The ban on prisoners circulating and signing grievance petitions is reasonable in light of the defendants' affidavit. Prison officials have a le-gitimate need to avoid the dangers inherent in prisoners taking group action to redress grievances. Prisoners have available a grievance procedure through which they may settle individual grievances. In addition, prisoners' rights to mail letters raising grievances are not limited by the prison rule against group petitions.

This case does not present an issue of material fact. The regulation barring grievance petitions is reasonable in light of defendants' affidavit and does not deny prisoners' rights protected by the First Amendment. Defendants' motion for summary judgment will be granted.